Brent J. Griffith, SBN 316297
Philip Alexander SBN 235216
Harris Personal Injury Lawyers, Inc.
55 S. Market Street, Suite 1010
San Jose, CA 95113
T: (408) 512.3600
F: (408) 320-0092
E: Brent@harrispersonalinjury.com

Attorney for Plaintiff:
*Heriberto Cruz Vences*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO CRUZ VENCES an individual; | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| UNITED STATES OF AMERICA; and DOES 1 through 20, Inclusive, | |
| Defendant. | |

Plaintiff HERIBERTO CRUZ VENCES ("Plaintiff"), in his individual capacity, for causes of action against Defendant; UNITED STATES OF AMERICA; and DOES 1 through 20, (hereinafter referred to as "defendant"), and each of them, hereby alleges as follows:

## I.

## JURISDICTION AND VENUE

1.      This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which provides that United States District Courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages" and which vests exclusive subject matter jurisdiction of the Federal Tort Claims litigation in the Federal District Court.

2.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1402(b) because the negligent acts giving rise to the Federal Tort Claim alleged herein occurred within the Northern District of California, and the Plaintiff resides within the Northern District.

3.      Pursuant to 28 U.S.C. § 2675(a), Plaintiff presented separate and individual administrative claims to the Unites States Postal Service. This claim was presented on or about December 14, 2020. The United States Postal Service has failed to make a final disposition of this claim, and Plaintiff deems such failure to be a denial of the claim.

**II.**

**PARTIES**

4.   Plaintiff hereby incorporates by reference paragraphs 1 through 3 as though fully set forth herein.

5.   Plaintiff is a resident of Campbell, California.

6.   Defendant, UNITED STATES OF AMERICA, is a government entity.

7.   Plaintiff is unaware of the names and capacities of Does 1 through 20 inclusive, and therefore sues them by fictitious names. Plaintiff will amend his Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed, belief and thereon alleges that each of these Defendants is responsible in some manner for the wrongful acts alleged in his Complaint and proximately caused Plaintiffs' damages.

8.   Plaintiff is informed and belief and thereon alleges that, at all times herein mentioned, Defendant, and each of them, were and are the agents and employees of the remaining Defendants and were and are at all times herein relevant acting within the course and scope of said agency and employment and that each defendant has ratified and approved the acts of his/her/its agent.

**III.**

**LIABILITY**

9.   Plaintiff hereby incorporates by reference paragraphs 1 through 8 as though fully set forth herein.

10. The liability of Defendant, United States of America, and the liability of its agents, is predicated specifically on 28 U.S.C. § 1346(b) and 2674 because the personal injuries, and resulting damages of which complaint is herein made, were proximately caused by the negligence, wrongful acts, and/or omissions of employees of Defendant, United States of America by reason of the acts of Defendant, United States of America, through their employees, in the city of

Cupertino, County of Santa Clara, California, while acting within the course and scope of their employment, under circumstances where Defendant, United States of America, if private persons, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of California.

11. Again, as is alleged above, Defendant United States of America, at all times material hereto, owned operated, and controlled the agency and service known as the United States Postal Service, and through said agency owned, operated, and maintained equipment, facilities, and services driven by United States Postal Service's employee.

12. This is an action brought under the Federal Tort Claims Act for personal injuries arising out of an automobile collision which occurred on or about October 29, 2020, near the intersection of Stevens Creek Blvd. and state route 85 southbound in the city of Cupertino, County of Santa Clara, State of California. This location is within the Northern District of California.

## IV.

## FACTUAL ALLEGATIONS

13. Plaintiff hereby incorporates by reference paragraphs 1 through 12 as though fully set forth herein.

14. At all times herein mentioned, "Defendant" refers to the UNITED STATES OF AMERICA and DOES 1 through 20.

15. At all times herein mentioned Defendant was the operator of that certain vehicle owned by Defendant.

16. At all times herein mentioned Defendant operated that certain vehicle owned by Defendant in the course and scope of their employment with Defendant and acted as an agent for Defendant.

17. On or about October 29, 2020, Defendant operated Defendant vehicle in such a negligent manner as to make an unsafe turn with their vehicle and consequently cause a collision with Plaintiff's vehicle, causing serious injuries to Plaintiff.

# V.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

*(As to All Defendants)*

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

19. On or about October 29, 2020, Defendant operated Defendants' vehicle in Santa Clara County in such a negligent manner as to maintain an unreasonable speed unsafe for the conditions and, as a result, collided with Plaintiffs' vehicle, causing Plaintiffs' body to be violently tossed back and forth, all of which resulted in serious injuries to Plaintiff.

20. At said times and places, Defendant negligently, carelessly, and without due care or regard for the life, safety, and rights of the Plaintiff, did so own, maintain, operate, and/or failed to maintain the vehicle driven by Defendant in a safe manner, causing Defendants' vehicle to slam into Plaintiff's vehicle, causing serious injuries to Plaintiff.

21. Defendant, employees of Defendant, caused the aforementioned collision while in the course and scope of their employment with, and while acting as an agent for them. Therefore, Defendant is fully responsible for Defendants' conduct through the doctrine of *respondeat superior*.

22. As a proximate result of the negligence of Defendant, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical and emotional distress and pain and suffering. Plaintiff is informed, belief and thereon alleges, that said injuries will result in some permanent disability to said Plaintiff, all to his general damages in an amount to be proven at trial.

23. As a proximate result of the negligence of the Defendant, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time, but which will be proven at the time of trial.

24. As a proximate result of the negligence of the Defendant, and each of them, Plaintiff has sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

25. As a further proximate result of the negligence of the Defendant, and each of them, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

26. As a further proximate result of the negligence of the Defendant, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

**VI**

**SECOND CAUSE OF ACTION**

**NEGLIGENCE PER SE**

*(As to All Defendants)*

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is further informed, believes, and thereon alleges, that Defendant:

a.          Violated Vehicle Code § 2453(a) in that Defendant entered the intersection against a traffic signal displaying solid red light.

b.          As a result, caused a significant and violent impact between Defendants' vehicle and the side of Plaintiff's vehicle.

29. Plaintiff is further informed, believes, and thereon alleges that as a direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendant, Plaintiff was injured in his health, strength and activity, in various parts of his body. Plaintiff also sustained shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff severe mental, physical, and nervous injury, anxiety, and pain and suffering. Plaintiff is informed, belief, and thereon alleges, that these injuries caused by Defendant will result in some permanent disability to Plaintiff, all of his general damages, in an amount to be proven at trial.

30. Plaintiff is informed, belief and thereon alleges, that as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendant, Plaintiff was required to, and did, employ physicians, nurses, hospitals, therapists, and other medical and chiropractic professional services to treat and care for him. As a result, Plaintiff incurred and continues to incur expenses for medical and chiropractic treatment and care, medicines, and incidental care.

31. Plaintiff is informed, belief and thereon alleges, that in the future as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of the Defendant, Plaintiff will require the services of physicians, surgeons, therapists, nurses, hospitals and other medical and chiropractic professional services to treat and care for him, and the reasonable amount of said services and liability will conform to proof at the time of trial.

32. As a proximate result of the negligence of the Defendant, Plaintiff has sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time, but which will be proven at the time of trial.

33. As a further proximate result of the negligence of the Defendant, Plaintiff has suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

## JURY DEMAND

34. Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant, and each of them, as follows:

1. General damages to Plaintiff, according to proof;

2. Economic damages to Plaintiff, according to proof,

3. Medical and related expenses of Plaintiff, according to proof;

4. Loss of earnings of Plaintiff, according to proof;

5. Loss of earning capacity of Plaintiff, according to proof;

6. Costs of suit herein;

7. Loss of Plaintiffs' property, according to proof;

8.      Loss of use of Plaintiffs' property to Plaintiff, according to proof;

9.      Prejudgment interest;

10.     Such other further relief as the Court deems just and proper.

DATED: May 21, 2021                          HARRIS PERSONAL INJURY LAWYERS, INC.


By: _____
        Brent J. Griffith Esq.
        Attorney for Plaintiff